## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY MCGARY, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 10-cv-710-WDS-PMF |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| | ) |
|     **Defendant.** | ) |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2), motion to appoint counsel (Doc. 3), and motion for service of process at government's expense (Doc. 4). Upon review of the record, the Court **FINDS** plaintiff's pauper status to be persuasive and **GRANTS** his motion for leave to proceed without prepayment of costs or fees or the necessity of giving security therefor (Doc. 2).

Plaintiff also asks the Court to appoint counsel for him, and states that he has contacted three different organizations, including Land of Lincoln, Legal Aid, and the Attorney General, seeking representation in this case to no avail (Doc. 3). Plaintiff states that he is not currently, nor has he previously been represented by an attorney appointed by the Court in this or any other proceeding before this Court. Plaintiff's highest level of education is some high school.

"Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 405. Thus, the court must look to the more general authority of 28 U.S.C. § 1915(e)(1) to consider [a] plaintiff's request for court-appointed counsel." *Collins v. Astrue*, No. 1:10-cv-47, 2010 WL 1930624, at *1 (N.D. Ind. May 11, 2010) (internal citations omitted).

Pursuant to 28 U.S.C. § 1915(e)(1):

> a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Id.* (internal citations and quotations omitted). In considering the second prong of the test, the Court must consider the difficulty of plaintiff's case and his ability to litigate the case himself. *Id.* In other words, the Court must ask itself: "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Id.* Or, in other words, the Court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.*

With regard to the first prong, the record reveals that the Plaintiff attempted to contact three organizations in attempt to secure representation, but he was not successful, and while by no means exhaustive, plaintiff's attempt to secure counsel was at least reasonable. With regard to the second prong, the Court notes that this case is an appeal of denial of disability benefits under the Social Security Act, "which 'by nature is not unduly complex.'" *Id.* at *2 *citing Kirkpatrick v. Astrue*, No. 08-0407, 2008 WL 879407, at *1 (W.D.La. March 31, 2008). The *Kirkpatrick* court denied a motion to appoint counsel in an appeal from the denial of social security benefits after noting the following:

> The matter will be decided by the court upon the existing administrative record and after consideration of the parties' arguments as presented in written

>memoranda.  Thus, skill in the presentation of evidence and in cross-examination is not required.  Moreover, because these matters are decided on the existing record and written briefs, a trial will not be held.

*Kirkpatrick*, 2008 WL 879407 at *1.

The record before the Court at this early stage, however, provides little in terms of enabling the Court to evaluate the plaintiff's competence and ability to litigate the case, or even the difficulty of the issues the plaintiff is attempting to litigate.  Plaintiff's complaint and motions before the Court thus far have consisted of forms he has filled out and signed.  The plaintiff has provided no information as to any prior litigation experience, including, whether he was represented throughout the previous social security proceedings.  Plaintiff has, at this point, provided the bare minimum necessary to file a claim and his other motions, utilizing forms available to him.  Notably, plaintiff has not completed high school, but he is employed.

Even though the facts are already developed in the administrative record, the plaintiff may have difficulties articulating arguments and responses that fall outside of available forms.  The Court is doubtful, in light of the plaintiff's lack of education or other relevant experiences, that he will be able to adequately present his case.  *See Collins*, 2010 WL 1930624 at *2 (The district court denied the plaintiff's motion to appoint counsel where the administrative record revealed that the plaintiff had a high school education, lived independently, formerly owned and operated his own construction company, worked part-time as a tow truck driver, and had past work experience as a carpenter, installer, used car salesperson, and warranty service technician.  From all of this, the court inferred that the plaintiff had reasonably good communication skills and was competent to litigate the claim himself). Accordingly, plaintiff's motion for appointment of counsel (Doc. 3) is **GRANTED**.  The Court **HEREBY APPOINTS** Dawn A. Sallerson, Hinshaw & Culbertson, 521 West Main Street,

Suite 300, P.O. Box 509, Belleville, Illinois, 62222, 618-277-2400, as plaintiff's attorney for this case.  Furthermore, the Court **HEREBY GRANTS** the attorney leave of sixty (60) days from the date of this Order to review the file and the record, and to submit an amended complaint, if she determines one is necessary.[1]

The third motion before the Court is plaintiff's motion for service of process at the government's expense (Doc. 4).  The Court notes that an *in forma pauperis* plaintiff is entitled to have the Court appoint an officer to serve process.  Fed. R. Civ. P. 4(c)(3).  Accordingly, the Court **GRANTS** plaintiff's motion for service of process at the government's expense (Doc. 4).  The Court also notes, however, that this plaintiff is now represented by counsel who may wish to handle service of process herself.  Accordingly, if plaintiff's attorney wishes the United States Marshal Service to serve process, plaintiff's attorney shall provide the United States Marshal Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Clerk of Court is **DIRECTED** to provide the United States Marshal Service with a copy of this Order.

**IT IS SO ORDERED**

**DATE:  December 2, 2010**

                                         **/s/  WILLIAM D. STIEHL**
                                               **DISTRICT JUDGE**

---

[1] The Court notes that plaintiff did not completely fill out the complaint form, and has not entered the last four digits of his social security number in the space provided.  Furthermore, the plaintiff's complaint states that his complete social security number is filed under seal on a separate sheet of paper and will be served on the Commissioner of Social Security, but this paper is not so filed with this Court.  Appointed counsel should remedy this oversight within fifteen (15) days of the date of this Order.