IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY McGARY, )
 )
    Plaintiff, )
 )
v. ) Civil No. 10-710-CJP[1]
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
    Defendant. )

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), plaintiff Timothy McGary is before the Court, represented by counsel, seeking review of the final decision of the Commissioner of Social Security finding him liable for overpayments of Disability Insurance Benefits (DIB) and Child's Insurance Benefits (CIB).[2]

**Procedural History**

Mr. McGary successfully applied for social security benefits in June, 1993. (Tr. 55). In December, 1994, an ALJ found him to be disabled due to transverse myelitis as of April 26, 1993, and awarded him benefits. (Tr. 334-337). His three minor children also applied for and received benefits based on his earnings record. (Tr. 342-344).

Mr. McGary began working as a school bus driver at some point after he began receiving benefits. In June, 2005, the Social Security Administration notified plaintiff that, due to the fact

---

[1]This case was referred to the undersigned for final disposition upon consent of the parties, pursuant to 28 U.S.C. §636(c). See, Doc. 32.

[2]The Court greatly appreciates the efforts of plaintiff's appointed counsel.

1

that he was working, benefits had been overpaid in the total amount of $46, 881.40, and that he was liable for repayment. (Tr. 465-467). In addition, each of the children had been overpaid in the amount of $6, 627.40. (Tr. 468-476). Mr. McGary requested a hearing, which was held on July 5, 2007. ALJ William E. Kumpe issued a decision on July 30, 2007, finding that plaintiff was not liable for the overpayments made between September, 1998, through December, 2000, but he was liable for the overpayments made between June, 2001, and December, 2004. (Tr. 17-25).

The Appeals Council denied plaintiff's request for review, and the decision of the ALJ became the final agency decision. (Tr. 9-12). Administrative remedies have been exhausted and a timely complaint was filed in this Court.

## Issues Raised by Plaintiff

Plaintiff argues that the ALJ erred in the following respects:

1. The ALJ erred in finding that plaintiff's work activity rose to the level of substantial gainful activity.

2. Even if there had been an overpayment to plaintiff and his children, the ALJ erred in finding that he was at fault for the overpayment.

3. The ALJ should have determined that requiring repayment of the overpayment to plaintiff and to his children would defeat the purpose of the Social Security Act and would be against equity and good conscience.

## Applicable Legal Standards

To qualify for DIB, a claimant must be disabled within the meaning of the applicable statutes. Social Security regulations set forth a sequential five-step inquiry to determine whether a claimant is disabled. At the first step, it must be determined whether the claimant is presently unemployed. If the claimant is working, and that work constitutes substantial gainful employment, the claimant is considered to be not disabled. 20 C.F.R. §404.1520(a).

"Substantial gainful activity" is work activity that involves doing significant physical or mental activities, and that is done for pay or profit. 20 C.F.R. § 404.1572. If the claimant is engaged in substantial gainful activity, he cannot receive disability benefits "regardless of your medical condition or your age, education, and work experience." 20 C.F.R. §404.1520(b).

Since 1958, the agency has used an "earnings test" ast the primary guide to determine if work constitutes substantial gainful activity. SSR 83-33, *1. If a claimant earns more than a designated amount per month from work activity, he is presumed to be engaged in substantial gainful activity. 20 C.F.R. §404.1574(b). The threshold amounts are referred to as the SGA Earnings Guidelines, which are published in agency regulations and are adjusted periodically to reflect general increases in wages and salaries. SSR 83-33, *2. "[I]f an employee's average monthly 'countable earnings' exceed the Earnings Guidelines, he or she will be found to be engaged in SGA." SSR 83-33, *3.

42 U.S.C. §404(a) requires the Commissioner to recover overpayments. However, the Commissioner is authorized to waive recovery of overpayments if the person who received the overpayment is without fault, and recovery would defeat the purpose of the Social Security Act or would be against equity and good conscience. 42 U.S.C. §404(b).

This Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. The scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." **42 U.S.C. § 405(g)**. Thus, this Court does not make its own determination of whether Mr. McGary should be held liable to repay the overpayments. Rather, this Court must determine whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. See, ***Books v. Chater***, **91 F.3d 972, 977-78 (7th Cir.**

3

1996) (citing ***Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995)**). This Court uses the Supreme Court's definition of substantial evidence, i.e, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." ***Richard v. Perales*, 402 U.S. 389, 401 (1971).**

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. ***Brewer v. Chater*, 103 F.3d 1384, 1390 (7th Cir. 1997)**. However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. See, ***Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.**

### The Decision of the ALJ

ALJ Kumpe determined that Mr. McGary received DIB payments totaling $29,953.80 from September, 1998, through December, 2000, but that he was not at fault for those overpayments because he "did not understand the technical concepts of the trial work period and the effect of performance of substantial gainful activity in a month of the 36-month extended period of eligibility." (Tr. 21). However, the ALJ also found that Mr. McGary was capable of understanding that 45 months had passed, and he was "still working and earning good wages, higher annual wages than most of the years before he became disabled." (Tr. 21). The ALJ concluded that Mr. McGary was at fault with respect to the overpayment during the period from June, 2001, through December, 2004. The overpayments to him for that period totaled $16,927.60. In addition, he was liable to repay the overpayments that had been made to his 3 children during that period. The agency was to determine the amount of the overpayment to the children. (Tr. 25-25).

**The Evidentiary Record**

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. Much of the record consists of medical records, which are not relevant to the issues presented. The following summary of the record is directed to the points raised by plaintiff.

Plaintiff's initial application for benefits advised him that he must notify the Social Security Administration if he goes to work. (Tr. 56).

In January, 1998, plaintiff completed and signed a Report of Continuing Disability Interview. (Tr. 345-352). On that form, he indicated that he had worked as a bus driver from January, 1997, through December, 1997. (Tr. 349). That form stated that he agreed to notify the agency if he went to work. (Tr. 352).

In March, 1998, the agency sent a notice to plaintiff which informed him that his claim had been reviewed and he was found to be still eligible for DIB. That notice explained that plaintiff must report any work activity to the agency, and it explained the 9 month trial work period and the 36 month extended period of eligibility. (Tr. 385-388).

In August, 1998, a Notice of Continuing Disability Review informed plaintiff that earnings had been reported for him, and asked him to fill out a form regarding details about his work for Laidlaw Transit in 1997 and 1998. A pamphlet entitled "Benefits for Disabled People Who Return to Work" was enclosed. (Tr. 555-559).

The agency notified plaintiff in June, 2004, that his earnings might cause the agency to determine that he was no longer disabled. (Tr. 393-396). The letter informed plaintiff that his 9 month trial work period ended in May, 1998. It also set out the monthly earnings guidelines for substantial gainful activity, as follows:

5

| Pre January, 1990 | $300 |
| January, 1990, to June, 1999 | $500 |
| July, 1999, to December, 2000 | $700 |
| 2001 | $740 |
| 2002 | $780 |
| 2003 | $800 |
| 2004 | $810 |

In November, 2006, the agency determined that Mr. McGary had the following annual earnings after his disability onset date:

| 1994 | 0 |
| 1995 | 0 |
| 1996 | $1,032 |
| 1997 | $9,517 |
| 1998 | $10, 247 |
| 1999 | $9,644 |
| 2000 | $10,813 |
| 2001 | $11,314 |
| 2002 | $13,679 |
| 2003 | $14,082 |
| 2004 | $12,038 |
| 2005 | $13,972 |

(Tr. 517).

On February 6, 2005, the agency notified plaintiff that he had been overpaid. For the period from September, 1998, through December, 2000, he was overpaid $29, 953.80. For the period from June, 2001, through December, 2004, he was overpaid $16, 927.60. (Tr. 465). Mr.

McGary submitted a Request for Waiver of Overpayment Recovery in which he stated that the overpayment was not his fault and that the money had been spent. (Tr. 488-495). Waiver of overpayment was denied, and plaintiff requested a hearing. (Tr. 512-514).

Plaintiff again filed for DIB in August, 2006. (Tr. 582). That application was approved in January, 2007. (Tr. 603). His application for SSI was denied due to his income level. (Tr. 613).

In July, 2006, plaintiff indicated that he had been laid off from his job as a bus driver on May 25, 2006. (Tr. 750-757).

ALJ William E. Kumpe held a hearing on July 5, 2007. (Tr. 846-925). Plaintiff did not have an attorney. (Tr. 848). The ALJ explained to plaintiff that, if he were found to be at fault for the overpayment, that was the end of the enquiry and issues regarding equity and financial hardship would not be considered. (Tr. 856). Mr. McGary indicated that he did not understand the trial work period or the extended period of eligibility. (Tr. 868). He testified that he reported his work activity to social security, but they did not tell him he could not work and draw benefits. (Tr. 876). He testified that he was paid the regular wage for driving the bus, and he did not receive any assistance on the job, except back in 2001 or 2002 when he started with Laidlaw Transit. (Tr. 879-880).

## Analysis

Plaintiff first argues that the ALJ erred in finding that his work activity rose to the level of substantial gainful activity. He acknowledges that a claimant who earns income in excess of the amount of allowable income is subject to a rebuttable presumption that he is engaged in substantial gainful activity. He argues, however, that the ALJ did not give hm an opportunity to rebut the presumption because the ALJ "repeatedly and improperly stated that an individual can

7

never receive disability and work at the same time." Doc. 33, p. 7.

This argument is premised on a misreading of the ALJ's statements. The ALJ did not tell plaintiff that a person could never work at all while receiving social security benefits. Rather, the ALJ discussed the fact that there were limits on how much income a person on disability could earn. See, Tr. 880-881. Further, plaintiff's testimony established that he understood that there were such limits. He testified that he sometimes turned down hours at work because he knew that he "had to watch [his] hours for Social Security. (Tr. 880). And, the agency had sent letters explaining that there were limits on how much money he could earn while on social security disability.

Plaintiff next suggests it was wrong to conclude that his work constituted substantial gainful activity because he earned only a little more than the maximum allowable income and he was only able to earn that by "dint of exertions that he could not sustain on a full-time basis." Doc. 33, p. 9. Plaintiff cites **Jones v. Shalala, 21 F.3d 191 (7th Cir. 1994)**, in support of his argument.

In *Jones*, the Seventh Circuit noted that the presumption of substantial gainful employment could be rebutted by evidence that the plaintiff could not really perform his job but was kept on by the charity of his employer, or that he was able to work "only by dint of his extraordinary determination and the extraordinary assistance extended to him by kindly fellow workers." *Jones*, **21 F.3d at 193.** Also, evidence that the plaintiff could do his job "only for brief periods of time" might rebut the presumption. *Jones*, **21 F.3d at 193.** None of these situations applies to plaintiff.

The evidence before the ALJ indicated that Mr. McGary performed the job of bus driver in the usual manner. Plaintiff testified that he drove the bus without any assistance, except in the

beginning. (Tr. 879-880). Clearly, he was not kept on at work by the charity of his employer or the assistance of his coworkers. Plaintiff suggests that the fact he worked only 5 hours a day indicates that he can only do his job for brief periods of time. On the contrary, the record shows that he earned substantial income driving a bus for over 8 years. Part-time work can constitute substantial gainful activity. 20 C.F.R. §404.1572(a).

Lastly, plaintiff points out that he earned only a little more than the maximum allowable amounts, and that the plaintiff in *Jones* earned more than 3 times the maximum allowable amount. *Jones*, **21 F.3d at 193.** This is beside the point. The presumption of substantial gainful employment is triggered when the claimant's earnings exceed the maximum allowable amount. Mr. McGary's income exceeded the maximum allowable amounts for the years in question. The presumption has been triggered, and not rebutted. The ALJ did not err in finding that Mr. McGary engaged in substantial gainful activity for the years 1998 through 2004.

The next point is that the ALJ erred in finding that plaintiff was not without fault with respect to the period from June, 2001, through December, 2004. The ALJ gave plaintiff the benefit of the doubt and found that he was without fault for the earlier period because that period fell within his 9 month trial work period and 36 month extended period of eligibility. The ALJ found that the agency sent Mr. McGary a letter explaining these periods in March, 1998, but that he did not understand the technical concepts of the trial work period and the extended period of eligibility. (Tr. 20-21). In making this finding, the ALJ noted Mr. McGary's limited educational and occupational history. Plaintiff argues that it was error to find that Mr. McGary should have understood that he could not work after the initial 45 month period because of the same factors.

The Court disagrees. The ALJ reasonably concluded that Mr. McGary did not grasp the technical requirements of the trial work period and the extended period of eligibility. However,

9

this does not mean that he did not understand that there were limits on the amounts that he could earn thereafter. The March, 1998, letter clearly stated that there were such limits. (Tr. 385-388). It was not inconsistent for the ALJ to find that, while plaintiff did not appreciate the details of the 9 and 36 month periods, he did understand that there were limits after those 45 months had passed.

Plaintiff again suggests that the ALJ misapplied the law because he said that a person could not work and still get disability checks. As was explained above, that is not what the ALJ said. Read in context, the ALJ's statements indicated, accurately, that a person could not work at a job that paid more than the maximum allowable amount of income.

Lastly, plaintiff suggests that insisting on repayment would be contrary to the purposes of the Act and would offend equity and good conscience. However, this analysis only comes into play where the claimant is without fault for the overpayments. 42 U.S.C. §404(b). Here, the ALJ reasonably found that plaintiff was not without fault for the overpayments made during the period after his trial work period and extended period of eligibility expired, i.e., June, 2001, through December, 2004. Under the clear terms of 42 U.S.C. §404(b), repayment can be waived for equitable reasons only for a person who was without fault. Because the payments to plaintiff's children are derivative of his right to receive payments, and he was the representative payee, the same analysis applies.

## Conclusion

After careful review of the record as a whole, the Court finds that the ALJ committed no errors of law, and that the findings of the ALJ are supported by substantial evidence.

The final decision of the Commissioner of Social Security finding Timothy McGary liable for repayment of benefits overpaid to him and his children is **AFFIRMED.**

**The Clerk of Court is directed to enter judgment in favor of defendant.**

**IT IS SO ORDERED.**

**DATED: December 7, 2011.**

>    **s/ Clifford J. Proud**
>    **CLIFFORD J. PROUD**
>    **UNITED STATES MAGISTRATE JUDGE**